IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| QUENTIN ALONSO CORDOVA,<br>    ID # 07158509,<br>        Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>        Respondent. | §<br>§<br>§<br>§<br>§   No. 3:22-CV-1758-M-BK<br>§   No. 3:20-CR-377-M(1)<br>§<br>§<br>§<br>§ |

**MEMORANDUM OPINION AND ORDER**

Based on the relevant filings and applicable law, the *Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on August 9, 2022 (doc. 1), is **DENIED**.

**I.     BACKGROUND**

Quentin Alonso Cordova (Movant) challenges his federal conviction and sentence in Cause No. 3:20-CR-377-M(1). The respondent is the United States of America (Government).

**A.     Conviction and Sentencing**

Following multiple armed robberies in which he shot victims, Movant was charged in a four-count superseding indictment with four counts of possession of a firearm by a convicted felon. (*See* crim. doc. 20.[1]) On July 20, 2021, Movant plead guilty to Counts Two and Three of the superseding indictment under a plea agreement. (*See* crim. docs. 32, 39, 40.)

In his plea agreement, Movant agreed that he understood the nature and elements of the crime to which he was pleading guilty and that the factual resume he signed was true and would be submitted as evidence. (*See* crim. doc. 32 at 1-2.) The plea agreement set out the minimum and

---

[1] Citations to docket entries in Movant's criminal proceeding are preceded with "crim. doc." Citations to docket entries in this § 2255 proceeding are preceded with "doc."

maximum penalties for Counts Two and Three; it stated that Movant had reviewed the federal sentencing guidelines with counsel, and he understood that his sentence would be imposed by the court after consideration of the sentencing guidelines, which were advisory and not binding, and no one could predict with certainty the outcome of the court's consideration of the guidelines. (*See id.* at 2-3.) He understood that the court had sole discretion to impose the sentence. (*See id.* at 3.) He agreed that the guilty plea was freely and voluntarily made and did not result from force or threats, or of promises apart from those included in the plea agreement; there were no guarantees or promises from anyone about what his sentence would be. (*See id.* at 6.)

At his rearraignment hearing on June 1, 2021, Movant affirmed that he had reviewed the plea agreement and factual resume with counsel before he signed them, he understood and had committed each of the essential elements of Counts Two and Three, and the facts stated in his factual resume were correct. (*See* crim. doc. 59 at 11, 17-18.) He also affirmed that he had discussed the sentencing guidelines with counsel and acknowledged that the guidelines were only advisory; he understood that the court could calculate his guidelines and subject him to a sentence different from what he expected. (*See id.* at 7-8.) He affirmed that the plea documents represented his entire agreement with the Government and that no one had threatened or in any way attempted to force him to plead guilty or accept the plea agreement. (*See id.* at 11.) He acknowledged that by pleading guilty, he was facing a period of imprisonment not to exceed ten years for each count. (*See id.* at 10.) He affirmed that he understood that he was giving up the right to appeal except in the limited circumstances listed in the plea agreement, and that he was giving up that right voluntarily. (*See id.* at 13-14.)[2]

---

[2] His plea agreement contained the following waiver: "12. **Waiver of right to appeal or otherwise challenge sentence:** The defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture

2

He pleaded guilty to Counts Two and Three, and the court found that his guilty plea was knowing and voluntary. (*See id.* at 17-19; crim. docs. 39, 40.)

The United States Probation Office (USPO) prepared a presentence investigation report (PSR). (*See* crim. doc. 41.) Movant's PSR set his base offense level for each count at 20, which was determined by using USSG § 2X1.1's cross-reference such that the robbery guideline applied. (*See id.* at ¶¶ 26, 32.) After applying various enhancements, the PSR added two levels under USSG § 3D1.4's grouping guideline and subtracted three levels for acceptance of responsibility—resulting in a total offense level of 31. (*See id.* at ¶¶ 25-45.) When the total offense level was combined with his criminal-history category of VI, Movant faced a guideline range of 188 to 235 months' imprisonment. (*See id.* at ¶ 120.)

Movant objected to several aspects of the PSR. (crim. doc. 44.) Relevant here, he objected to a one-level enhancement to the base offense level because the value of the stolen items exceeded $50,000, arguing that insufficient evidence supported that valuation. (*See id.* at 1.) The court overruled Movant's objections and adopted the PSR. (crim. doc. 58 at 2-13.) By judgment dated September 21, 2021, the court imposed a within-guidelines sentence of 210 months of imprisonment, to be followed by three years of supervised release. (*See id.* at 24-25.) Movant appealed his conviction and sentence, but, on April 28, 2022, the Fifth Circuit dismissed his appeal as frivolous. (*See* crim. docs. 62, 63.)

---

in an amount to be determined by the district court. The defendant further waives the defendant's right to contest the conviction, sentence, fine, and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of the defendant's plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel." (crim. doc. 32 at 6.)

3

On August 9, 2022, Movant filed this motion to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255. (doc. 1.)

B. <u>**Substantive Claims**</u>

Movant makes the following claims for relief:

(1) His counsel was ineffective for not "properly advising" him in relation to his guilty plea and plea agreement, which caused him to forfeit his right to appeal meritorious issues;

(2) His counsel failed to adequately explain the consequences of his guilty plea, rendering it involuntary;

(3) His guideline range was improperly calculated because the Court relied on "NON-factual information" in the PSR to calculate the value of stolen items, resulting in the addition of a point to his base level offense; and

(4) He was denied his right to appeal.

(*See* doc. 1 at 7-8.) The Government responded to Movant's § 2255 motion, and Movant filed a reply. (*See* docs. 5-6.)

## II.   SCOPE OF RELIEF UNDER § 2255

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a defendant has been fairly and finally convicted. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*)). Post-conviction "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citation and internal quotation marks omitted); *see also United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) ("A defendant can challenge a final conviction, but only on issues of constitutional or jurisdictional magnitude.").

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

Movant claims that his counsel was ineffective for not explaining the waiver of appellate rights in the plea agreement and for not advising him about the charges against him and the consequences of his guilty plea generally, rendering it involuntary. (doc. 1 at 7.)

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, a movant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. The court may address the *Strickland* prongs in any order, and a failure to establish either prong requires a finding that counsel's performance was constitutionally effective. *Id.* at 697; *see also Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000). In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. To establish prejudice, a movant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see also Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (recognizing that the prejudice inquiry focuses on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair").

In the context of a guilty plea, "the habeas petitioner must show that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Bond v. Dretke*, 384 F.3d 166, 168 (5th Cir. 2004) (citation omitted). A court

should not "upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. United States*, 582 U.S. 357, 369 (2017); *see also United States v. Guzman*, No. 19-10783, 2021 WL 4610124, at *3 (5th Cir. Oct. 6, 2021) (per curiam) (holding that a movant "must substantiate any preference to proceed to trial—if he had been properly advised on the sentence he was facing—with 'contemporaneous evidence,' not post hoc assertions.").

### A. Failure to Advise Regarding Waiver of Appellate Rights

In his first ground, Movant argues that his counsel was ineffective for not properly advising him of his guilty plea and its waiver of appellate rights specifically, precluding him from raising meritorious arguments on appeal. (*See* doc. 1 at 7.)

Initially, Movant fails to show how he was prejudiced even assuming that his counsel failed to adequately explain the waiver of appellate rights to him, as he has not identified a potentially meritorious argument that he would have raised on appeal. Movant argues that he could have successfully raised the claims in this § 2255 motion on appeal. Yet as explained, the ineffective assistance of counsel claims that Movant presents here lack merit. Further, the general rule in the Fifth Circuit is that ineffective assistance of counsel claims cannot be resolved on direct appeal, so it is unlikely that Movant's counsel could have presented such claims on direct appeal even if Movant had not executed the appellate waiver. *See United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992) (stating that the general rule in the Fifth Circuit is that, with few exceptions where the record on direct appeal is adequate to evaluate such a challenge, an ineffective assistance of counsel claim cannot be resolved on direct appeal because no opportunity existed for the parties to develop the record on the merits of the allegations). And, as for the claim that the court

improperly computed his guideline range because it relied on the PSR's determination of the value of the stolen items, Movant offers no authority to show that the court erred. His conclusory arguments on this issue are not enough to show prejudice. *See*, *e.g.*, *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) ("This Court has made clear that conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding.") (citing *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983)); *see also Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998) (same).

Further, Movant's argument that he did not understand that he was waiving appellate rights is contradicted by the record. He assured the court at his rearraignment hearing—while under oath—that he understood that he was waiving his rights to bring a direct appeal or file a habeas motion except for the limited circumstances listed in the waiver. (*See* crim. doc. 59 at 13-14.) "[A] defendant ordinarily will not be heard to refute [his] testimony given at a plea hearing while under oath." *Cervantes*, 132 F.3d at 1110 (citing *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985)). Indeed, "[s]olemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Movant has failed to overcome the presumption of verity given to his sworn statements in open court.

In sum, Movant fails to show that he is entitled to relief on the claim that his counsel failed to properly advise him about the appellate rights waiver.

**B.  Failure to Advise Regarding Consequences of the Guilty Plea**

Next, Movant claims that his guilty plea is invalid because he did not understand the consequences of the plea. He claims that his counsel did not explain that his plea agreement would result in a "robbery guidelines enhancement." (*See* doc. 1 at 7.)

A guilty plea must be knowingly, voluntarily, and intelligently made to be constitutionally valid. *See United States v. Ruiz*, 536 U.S. 622, 629 (2002); *United States v. Hernandez*, 234 F.3d 252, 254-55 (5th Cir. 2000). "The voluntariness of a plea is determined by 'considering all of the relevant circumstances surrounding it.'" *Fisher v. Wainwright*, 584 F.2d 691, 693 (5th Cir. 1978) (quoting *Brady v. United States*, 397 U.S. 742, 749 (1970)); *United States v. Washington*, 480 F.3d 309, 315 (5th Cir. 2007). Courts considering challenges to guilty pleas "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of a guilty plea." *United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993). A realistic understanding of the consequences of a guilty plea means that the defendant knows "the immediate and automatic consequences of that plea such as the maximum sentence length or fine." *Duke v. Cockrell*, 292 F.3d 414, 417 (5th Cir. 2002). "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea. . . will be upheld on federal review." *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) (en banc), *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981).

Movant's claims that his guilty plea is involuntary lacks merit for multiple reasons. First, the Court agrees with the Government that nothing supports Movant's claim that he did not understand the consequences of pleading guilty. A defendant is aware of the consequences of a guilty plea when he knows the maximum prison term and fine for the offense charged. *See United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990) (citing *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990)) (citation omitted). Here, Movant fails to overcome his declarations under oath that he understood the charges against him and knew that—regardless of any advisory guideline—the Court could impose any sentence up to 10 years' imprisonment on each count. (*See* crim. doc.

8

59 at 16-17.)

Second, Movant provides no facts or evidence to show a reasonable probability that he would have rejected the plea agreement and insisted on proceeding to trial had he known that the court would use the cross-referenced robbery guideline as an advisory guideline. *See Lee v. United States*, 582 U.S. 357, 364-65 (2017). Thus, he fails to show prejudice resulting from the alleged shortcomings of his counsel in advising him about his guilty plea.[3] Movant is not entitled to relief on this claim.

## IV.   SENTENCING ERRORS

In his third ground for relief, Movant claims that his base level offense was miscalculated under the sentencing guidelines. He specifically complains that the Court relied on "NON-factual information" regarding the value of the stolen items to add a point to his base level offense. (*See* doc. 1 at 7.) But claims that the court misapplied the sentencing guidelines are not cognizable on collateral review. *See*, *e.g.*, *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) ("Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed. Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions.") (cleaned up).

Movant also waived his ability to bring this type of claim in a collateral review proceeding through his plea agreement. (*See* crim. doc. 32 at 6.)  Movant is not entitled to relief on this claim.

---

[3] Given these reasons for denying this claim, the court need not and does not consider the Government's arguments that Movant procedurally defaulted this claim and that the claim, in essence, amounts to an impermissible attack of the court's application of the sentencing guidelines. (*See* doc. 5 at 7.)

## V.   DENIAL OF RIGHT TO APPEAL

In his fourth and final ground for relief, Movant claims that he was "not given proper opportunity to appeal successfully due to these multiple grounds…in this 2255 motion relating to [his] guilty plea and plea agreement." (*See* doc. 1 at 8.)

However, as discussed, Movant knowingly waived his right to appeal except for those instances specified in the plea agreement. The Fifth Circuit has upheld such waivers of appellate rights where the waiver was knowing and voluntary. *See*, *e.g.*, *United States v. Williams*, 949 F.3d 237, 239 (5th Cir. 2020) (citing *United States v. Keele*, 755 F.3d 752, 754, 757 (5th Cir. 2014)). Thus, Movant was not unlawfully denied a right to appeal.

To the extent that Movant is arguing that his appellate counsel was ineffective for filing an *Anders* brief rather than raising the claims that he makes in this § 2255 proceeding, he fails to make the necessary showing. To show ineffectiveness in such circumstances, Movant must show that his "counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them" and that "but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal." *Smith*, 528 U.S. at 285.

Movant has identified no nonfrivolous issues that his appellate counsel should have discovered. As discussed, the ineffective assistance of counsel claims are conclusory and belied by record evidence. And Movant's waiver of appellate rights would have precluded the sentencing error claim that he makes here, which, in any event, is conclusory. Thus, Movant is not entitled to relief on this claim.

## VI.   EVIDENTIARY HEARING

If Movant seeks an evidentiary hearing before this court on any of his claims, no evidentiary hearing is required when "the motion and the files and records of the case conclusively

show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (citation omitted). Because Movant has failed to come forward with independent indicia in support of the likely merit of his claims, he has failed to demonstrate that he is entitled to an evidentiary hearing.

## VII.   CONCLUSION

For all these reasons, the *Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on August 9, 2022 (doc. 1), is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

SO ORDERED on this 26th day of April, 2024.

BARBARA M. G. LYNN
SENIOR UNITED STATES DISTRICT JUDGE