IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| QUENTIN ALONSO CORDOVA, § | |
| ID # 07158509, § | |
| Movant, § | |
| § | No. 3:22-CV-1758-M-BK |
| v. § | No. 3:20-CR-377-M(1) |
| § | |
| UNITED STATES OF AMERICA, § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Based on the relevant filings and applicable law, the *Motion for Reconsideration* (doc. 10), filed on May 24, 2024[1], is **DENIED**.

### I.   BACKGROUND

In 2021, Movant pled guilty to two counts of possession of a firearm by a convicted felon. (*See* crim. docs. 32, 39, 40[2].) Movant then filed a motion to vacate, set-aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (doc. 1.) On April 29, 2024, the Court issued judgment denying Movant's § 2255 motion. (doc. 8.) The Court construed the motion as presenting four grounds for relief, two ineffective assistance of counsel claims and two court error claims. It found all of Movant's grounds meritless. (*See generally id.*)

On May 24, 2024, Movant filed a "Motion for Reconsideration," arguing that the Court failed to liberally construe his motion as raising one cumulative ground for relief. (doc. 10 at 4.)

---

[1] Movant avers that he gave a copy of the motion for reconsideration to prison mailroom staff for mailing on May 24, 2024. (doc. 10 at 6.) Therefore, the motion is considered filed on that date. *See United States v. Duran*, 934 F.3d 407, 412 (5th Cir. 2019) ("Under the prison mailbox rule, a pro se prisoner's pleading is considered filed when the document is placed in the prison mailing system.") (citing *Medley v. Thaler*, 660 F.3d 833, 835 (5th Cir. 2011); Rules Governing Section 2255 Proceedings in the United States District Courts 3(d)).

[2] Citations to docket entries in Movant's criminal proceeding are preceded with "crim. doc." Citations to docket entries in this § 2255 proceeding are precede with "doc."

## II.     LEGAL STANDARDS AND ANALYSIS

A motion seeking reconsideration of a prior ruling is evaluated either as a motion under Federal Rule of Civil Procedure 59(e) or under Rule 60(b). *Demahy v. Schwartz Pharma, Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012). The rule under which a motion is considered is determined when the motion is filed. *Id.* "If the motion is filed within twenty-eight days after the entry of judgment, the motion is treated as though it was filed under Rule 59, and if it was filed beyond that period, it is analyzed under Rule 60(b). *Megwa v. United States*, 2021 WL 3810908, at *2 (N.D. Tex. Aug. 25, 2021) (citing *Demahy*, 702 F.3d at 182 n. 2).

Because Movant filed his motion within 28 days after the entry of the judgment, it is analyzed under Rule 59(e). "Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or to present newly discovered evidence…Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (internal citations and quotations omitted). The Fifth Circuit recognizes that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). "The rule does not exist to be a vehicle for re-litigating old issues, presenting the case under new theories, obtaining a rehearing on the merits or taking a 'second bite at the apple.'" *Luedde v. United States*, 2023 WL 8371942, at *1 (E.D. Tex. Dec. 2, 2023) (citing *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)). The rule for reconsideration of a final judgment allows a court to alter or amend a judgment because of (1) an intervening change in controlling law, (2) the availability of new evidence not available previously, the need to correct a clear error of law or fact, or (4) to prevent a manifest injustice. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

Movant appears to contend that the Court erred as a matter of fact and law when it failed to liberally construe his allegations. (doc. 10 at 4.) Movant claims that he intended to present the following claim: that his counsel was ineffective for failing to properly advise him about "the full extent of what he was waiving by pleading guilty," particularly his right to appeal erroneous sentencing findings that "resulted in the Court sentencing Movant to a larger sentence." (doc. 10 at 4-4.)

The Court cannot agree. Initially, Movant presented four distinct grounds for relief in his motion. (*See* doc. 1 at 7-8.) The Court did not err in analyzing the claims as Movant presented them. The obligation to liberally construe pleadings does not require a court to create arguments on behalf of a pro se party that are not apparent. *See*, *e.g.*, *Joyce v. Texas*, 2023 WL 6020728, at *4 (N.D. Tex. Jan. 25, 2023) (explaining that the duty to liberally construe pro se filings does not require the court to "create causes of action where there are none," because to demand otherwise would transform the court from its "legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party") (citing *Smith v. CVS Caremark Corp.*, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013); *Jones v. Mangrum*, 2017 WL 712755, at *1 (M.D. Tenn. Feb. 23, 2017); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1274, 1278 (4th Cir. 1985)).

Further, even if viewed cumulatively, Movant's allegations do not warrant relief under § 2255 for the reasons explained in the original memorandum order and opinion. Specifically, even if the Court considered one collective claim that Movant was denied effective assistance of counsel because his counsel failed to explain the waiver of appellate rights, which resulted in an involuntary guilty plea and the lost opportunity to appeal a sentencing error, Movant would not be entitled to relief.

First, as previously explained, this claim is belied by the record. Movant confirmed at his rearraignment hearing that he understood that he was waiving his rights to bring a direct appeal except for limited circumstances listed in the waiver:

> The Court: On page 6, in paragraph 12, there's a waiver of right to appeal. As I explained earlier, you do have this right unless you give it up. Do you understand that in paragraph 12 you have agreed to give up the right to appeal except for the limited circumstances listed there?
>
> The Defendant: Yes, ma'am.

(*See* crim. doc. 59 at 13-14.)

Movant has failed to overcome the presumption of verity given to his sworn statements in open court. *See*, *e.g.*, *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *see also United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005 ) (noting that "[w]hen the record of the Rule 11 hearing clearly indicates that a defendant has read and understands his plea agreement, and that he has raised no question regarding a waiver-of-appeal provision, the defendant will be held to the bargain to which he agreed.") (citing *United States v. Portillo*, 18 F.3d 290, 293 (5th Cir. 1994)).

The record also showed that Movant understood the consequences of his guilty plea generally and that it was voluntary. Again, Movant declared under oath that he understood the charges against him and knew that—regardless of any advisory guideline—the Court could impose any sentence up to 10 years' imprisonment for each count. (*See* crim. doc. 59 at 16-17.) "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea. . . will be upheld on federal review." *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) (en banc), *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981). Movant fails to overcome the record evidence showing that he knowingly and voluntarily pleaded guilty.

Second, Movant fails to show prejudice because he provides no facts or evidence to show a reasonable probability that he would have rejected the plea agreement and insisted on proceeding to trial had he been advised differently. *See Lee v. United States*, 582 U.S. 357, 364-65 (2017) ("[W]hen a defendant claims that his counsel's deficient performance deprived him of a trial by causing him to accept a guilty plea, the defendant can show prejudice by demonstrating a 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'") (citation omitted). And, as explained in the memorandum order and opinion, he has not shown that he had any meritorious issue for appeal, further undermining any showing of prejudice. (doc. 8 at 6-7.)

At bottom, Movant fails to show that the Court erred in addressing his claims or any other basis for relief from the judgment under Rule 59(e).

### III.  CONCLUSION

For all these reasons, Movant's "Motion for Reconsideration" (doc. 10) is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, and for the reasons discussed in the memorandum order and opinion, a certificate of appealability is **DENIED**. The Clerk of the Court shall close this case.

SO ORDERED on this 25th day of July, 2024.

BARBARA M. G. LYNN
SENIOR UNITED STATES DISTRICT JUDGE